UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DANNY LEE CATHEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 11-192-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD IVES, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Danny Lee Cathey is an inmate confined at the McCreary United States Penitentiary in Pine Knot, Kentucky. Cathey, appearing without counsel, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking credit for time spent in custody pursuant to a federal writ of habeas corpus ad prosequendum against his federal sentence. [R. 2.] After reviewing the petition[1], the Court will deny relief because the time has been credited against his state sentence.

**I.**

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In March 2008, Cathey was sentenced to serve a five year term of incarceration for first degree possession of a controlled substance (methamphetamine), second or subsequent offense, by the circuit court of McCracken County, Kentucky. *Commonwealth v. Cathey*, No. 07-CR-462 (McCracken Cir. Ct., 2007). Cathey indicates that the sentence was entered pursuant to a written plea agreement under which he was to be released on "shock" probation after spending thirty days in jail. Further, the sentencing court allowed Cathey thirty days to report to jail so that he could complete some contract work for a business client.

However, before Cathey was to surrender to the jail for service of this sentence, in April 2008 he was involved in a serious motorcycle accident. Cathey was hospitalized, where he remained in a coma for nine days. [R. 2-1 at 1-2.] In light of this injury and hospitalization, on April 28, 2008, the McCracken Circuit Court ordered that Cathey need not report for service of his sentence until September 28, 2008, [R. 2-2 at 5] which was later extended to January 15, 2009. [R. 2-2 at 5.]

On October 14, 2008, while still free, Kentucky State Police arrested Cathey in Hickman, Kentucky for possession of approximately ninety grams of methamphetamine. On December 16, 2008, presumably because of this arrest, the Circuit Court of McCracken County ordered Cathey to begin serving his pre-existing five year term in prison. At this time, Cathey was placed in the Graves County Jail pending resolution of the new state charges for possession of methamphetamine arising out of his October 2008 arrest. [R. 2-1 at 2.] Cathey asserts that he became eligible for shock probation on his five year sentence on January 16, 2009. [R. 2-2 at 2.] On February 2, 2009, the state drug charges arising out of his October 14, 2008, arrest were dismissed. [R. 2-2 at 3.]

2

On February 10, 2009, a federal grand jury indicted Cathey for possession with intent to distribute more than fifty grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and related forfeiture counts. Exactly one month later, Cathey was transferred into federal custody pursuant to a writ of habeas corpus ad prosequendum, and transported to the McCracken County Jail. [R. 2-1 at 2.] Following a jury trial Cathey was found guilty of the narcotics charge but not guilty on the weapons offense and on March 19, 2010, the court sentenced Cathey as a career offender and imposed a 180 month term of incarceration to run consecutively with his five-year state term. *United States v. Cathey*, No. 5:09-cr-02-R (W.D. Ky. 2009). He was then transported to the Graves County Jail to resume service of his five year state sentence. [R. 2-1 at 2.] Until that point, Cathey had been continuously in federal custody pursuant to the writ from March 10, 2009, until March 29, 2010. [R. 2-2 at 2.]

Cathey indicates that he became eligible for parole on the five year state term in August 2009, and at that time he began asking to see the state parole board. Jail staff, however, repeatedly told him that he could not contact the parole board because he was "federal property."[2] [R. 2-1 at 3.] Shortly after Cathey was returned to state custody on March 30, 2010, he was paroled from his state sentence on April 29, 2010. [R. 2-1 at 3.]

In his petition, Cathey seeks credit against his federal sentence for all the time he spent in federal custody pursuant to the writ of habeas corpus ad prosequendum. [R. 2-1 at 4.] Cathey acknowledges that the doctrine of primary jurisdiction and 18 U.S.C. § 3585(b) usually preclude

---

[2]  Cathey alleges that "counselors at the Graves County Jail" advised him that he could not contact the parole board. [R. 2-1 at 3.] However, at the time he started making these requests in August 2009, Cathey was housed at the McCracken County Jail, where he remained until March 2010. [R. 2-1 at 2.] Cathey does not explain the apparent anomaly.

such credit, but appears to argue that his transfer between various county jail facilities prior to his transfer to federal custody pursuant to the writ prevented Kentucky from obtaining primary custody over him until his return to state custody on March 29, 2010. [R. 2-1 at 5.] In the alternative, Cathey argues that he should receive credit for this period because his placement in federal custody effectively prevented him from applying for, and presumably receiving, parole under the five year state sentence. [R. 2-1 at 6-7.]

## II.

The Court must deny the petition because the relief Cathey seeks is precluded by federal statute. Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined as follows:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements Section 3585 through Program Statement 5880.28.

Cathey was received into federal custody to begin his federal sentence on May 4, 2010, and his sentence therefore commenced on that date pursuant to Section 3585(a). [R. 2-2 at 3.] Cathey was further granted prior custody credit pursuant to Section 3585(b)(1) from April 30,

2010, through May 3, 2010, during which he was held by state authorities solely pursuant to the federal detainer. The BOP declined to award any further prior custody credit because all of the time Cathey spent in federal custody pursuant to the writ of habeas corpus ad prosequendum had been credited against his state sentence. [R. 2-2 at 3, 5.]

Notwithstanding Cathey's suggestion to the contrary [R. 2-1 at 5], he came into the primary custody of Kentucky upon his arrest for violation of Kentucky's criminal statutes, both for his pre-existing offense in March 2008 and for his arrest for possession of methamphetamine in October 2008. *Cf. Buxo v. United States*, No. 1:10cv2015, 2010 WL 4835376, at *3 (N.D. Ohio Nov. 23, 2010); *Johnson v. Bledsoe*, 344 F. App'x 796, 798 (3d Cir. 2009). Because Kentucky possessed primary custody over him, the transfer of his physical custody to federal authorities pursuant to the writ did not effect any surrender of Kentucky's priority of sentencing. *Cf. Williams v. Wilson*, No. 6:10-CV-275-GFVT, 2011 WL 2560274, at *2-3 (E.D. Ky. June 28, 2011).

Nor does the fact that Cathey's federal custody pursuant to the writ may have affected his eligibility for state parole entitle him to presentence credit under 18 U.S.C. § 3585(b). As a threshold matter, nothing in the applicable Kentucky parole statutes suggests that Cathey's detention pursuant to the federal writ presented any legal impediment to his application for either shock probation or parole, or the Parole Board's consideration of his eligibility for the same. *See* Ky. Rev. Stat. 439.265, .340.

Second, Cathey's assertion that not only could he have applied for parole, but that he actually would have been granted it, is utter speculation -- eligibility is not entitlement. *Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) (state prisoner loaned to federal authorities pursuant to writ of habeas corpus ad prosequendum is not entitled to presentence

5

credits under Section 3585(b) notwithstanding loss of parole eligibility and ability to earn state sentencing credits). Even if the Court could conclude that Cathey's absence from state custody *necessarily* resulted in a lost opportunity for earlier parole, such a result did not transform his state custody into federal custody for purposes of Section 3585(b). *Goodman v. Grondolsky*, 427 F. App'x 81, 82 (3d Cir. 2011) ("Goodman suggests that his federal sentence should have commenced as of the date that he was eligible for parole on his state sentence, instead of the date that he was actually paroled. But the date that Goodman became eligible for parole on his state sentence is irrelevant because his federal sentence could not have commenced until he was in federal custody, which did not happen until he was actually paroled by the State of New Jersey."); *Hayes v. Patton*, No. 06-cv-117-HRW, 2006 WL 2375609, at *3 (E.D. Ky. Aug. 16, 2006) (petitioner not entitled to presentence credit for time spent in federal custody pursuant to writ of habeas corpus ad prosequendum notwithstanding fact that absence from state custody caused him to miss state parole hearing).

Because the time period for which Cathey now seeks credit has already been applied towards his state sentence, Section 3585(b) prevents it from being credited a second time against his federal sentence, and his petition must be denied.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)   Cathey's petition for a writ of habeas corpus [R. 2] is **DENIED**; and

(2)   The Court will enter an appropriate judgment consistent with this Memorandum Opinion and Order.

This the 26th day of April, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

6